CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

DEC 12 2007

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

LORETTA L. DAVIS,              )   CASE NO. 3:07CV00010
                                     )
        Plaintiff,             )
                                     )
v.                             )   REPORT AND RECOMMENDATION
                                   )
MICHAEL J. ASTRUE, Commissioner   )   By:  B. Waugh Crigler
of Social Security,               )        U. S. Magistrate Judge
                                   )
        Defendant.          )

This challenge to a final decision of the Commissioner which denied plaintiff's May 13, 2005 claim for a period of disability and disability insurance benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter DENYING both parties' motions for summary judgment but REMANDING the case to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g).

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff was fifty years old on her alleged disability onset date, May 12, 2005; she had not engaged in substantial gainful activity during the relevant time period; and she was insured for benefits through December 31, 2010. (R. 15, 19.) The Law Judge further found that plaintiff's overuse syndrome of the hands and wrists was a

severe impairment, yet her hand and wrist impairments were not severe enough meet or equal a listed impairment.[1]  (R. 15.)  The Law Judge was of the view that although plaintiff's impairments could reasonably be expected to produce the alleged symptoms, yet her statements concerning the intensity, persistence, and limiting effects were "not entirely credible."  (*Id.*)  The Law Judge determined that plaintiff maintained the residual functional capacity ("RFC") to perform light work which does not include repetitive work with her hands.  (R. 17.)  He further determined that she had no limitations on her ability to push and pull and had no postural limitations.  (*Id.*)  The Law Judge further determined that this RFC precluded her from performing her past relevant work as a hand packager, a factory laborer, a cashier, a cook, a laundry worker, and a deli worker.  (R. 19.)  By application of the Medical-Vocational Guidelines ("grids") and by reference to testimony from the vocational expert ("VE"), the Law Judge found that the following jobs were available to her:  an unskilled, light order clerk; an unskilled, light information clerk; and an unskilled, light security guard.  (R. 19-20.)  Thus, the Law Judge ultimately found that she was not disabled under the Act.  (R. 21.)

After issuance of the Law Judge's adverse decision, plaintiff filed a timely request for review by the Appeals Council and submitted additional evidence.  (R. 5-8, 184-204.)  The Appeals Council determined that the evidence did not provide a basis for changing the Law Judge's decision.  (R. 5-6.)  Thus, the Law Judge's decision was adopted as the final decision of the Commissioner.

In a brief filed in support of her motion for summary judgment, plaintiff initially argues

---

[1]The Law Judge determined that plaintiff did not have a severe mental impairment.  (R. 15.)

2

that the Appeals Council did not properly consider the evidence she submitted on administrative appeal. (Plaintiff's Brief, pp. 5-7.) The Regulations provide that the Appeals Council will review a case if the evidence is new, material, and relates to the period on or before the date of the Law Judge's decision. 20 C.F.R. § 404.970(b); *Davis v. Barnhart*, 392 F.Supp.2d 747, 750 (W.D. Va. 2005). Evidence is deemed "new" if it is neither duplicative nor cumulative, and it is "material" if a reasonable probability exists that the evidence would have changed the outcome of the case. *Wilkins v. Secretary, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991); *Davis*, 392 F. Supp.2d at 750. In addition, the Appeals Council has a duty to fully and fairly consider the evidence offered on administrative appeal and to explicitly indicate the weight it gives to all relevant evidence. *Riley v. Apfel*, 88 F.Supp.2d 572 (W.D.Va. 2000). If it fails to do so, a remand is appropriate under Sentence Four of 42 U.S.C. § 405(g) to allow the Council to make findings that permit a meaningful judicial review of its decision. *Id.*

The additional evidence provided to the Appeals Council provides both objective evidence of plaintiff's neuropathic impairment to her right wrist and corroboration that she suffers pain which impairs her right hand function. (R. 184-204.) The Council dismissed this evidence with the finding that "this information does not provide a basis for changing the Administrative Law Judge's decision." (R. 6.) Yet, the Law Judge did not fully credit plaintiff's complaints about the effects of her wrist impairment because, *inter alia*, he found that the medical record was "very scant" as to plaintiff's wrist impairment. (R. 18.) If nothing else, this evidence provides additional information upon which a more informed decision can be made about the vocational effects of plaintiff's maladies. After all, plaintiff was found to have proved a *prima facie* case of disability, and it seems to the undersigned, that at the very least, the VE was

3

entitled to consider all of the substantial record evidence offered as to plaintiff's limitations before reaching conclusions about whether alternate gainful work was available to a person like the plaintiff. *See Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989 ).

Specifically referring to the vocational testimony, plaintiff contends that the Commissioner failed to carry his burden at the fifth level of the sequential analysis by accepting erroneous testimony by the VE regarding the jobs available to her. (Pl's Brief, pp. 8-12.) When distilled of its rather detailed complexity, plaintiff's argument is that while the Law Judge found the VE's testimony "consistent with the information contained in the Dictionary of Occupational Titles" under Social Security Ruling ("SSR") 00-4p, in actuality the VE's testimony was in conflict with the Dictionary of Occupational Titles ("DOT"). More particularly, plaintiff points out that the jobs identified at the hearing would not be found to exist if the DOT's specific vocational preparation time for each of the jobs listed were taken into account and if the requirements for those jobs were reconciled with the Specific Occupational Selection Manual ("SOS"). (Pl.'s Brief, pp. 9-12.)

The outcome in this case at the final level of the sequential evaluation rests entirely on the resolution of the vocational evidence. Here, the Law Judge found that the VE's testimony and the DOT were consistent, but plaintiff, by counsel, has raised serious concerns about whether they are at odds with one another. That is crucial because, to the extent that the VE's testimony and the DOT conflict, the Law Judge, and subsequently the Commissioner, would not be entitled to rely on the VE's testimony to deny benefits unless the Law Judge provides a "reasonable explanation" for accepting one over the other. *See, Daniels v. Apfel*, 225 F. Supp 2d 1234 (D. Colo. 2002). No explanation was provided apparently because the Law Judge found no

4

inconsistencies. That finding was erroneous in light of the plaintiff's submissions to the court, thus establishing "good cause" to remand the case for further proceedings to resolve the apparent inconsistencies.

Accordingly, it is RECOMMENDED that an Order enter DENYING both parties' motions for summary judgment but REMANDING the case to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g). The Order should provide that if the Commissioner is unable to grant benefits on the current record, he is to recommit the case to a Law Judge to conduct supplemental evidentiary proceedings in which both sides may introduce additional evidence and the issues raised here relating to any conflicts between the testimony of the VE and the DOT specifically may be addressed.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

Dec. 12, 2007
Date

5