CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 24 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LORETTA L. DAVIS,<br><br>         *Plaintiff,*<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br><br>         *Defendant.* | CIVIL ACTION NO. 3:07cv00010<br><br><br>MEMORANDUM OPINION AND ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the parties' cross-motions for summary judgment [docket #10, #14], the Report and Recommendation of the U.S. Magistrate Judge [docket #17], and Defendant's objections thereto [docket #18]. I referred this matter to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) & (C). The Magistrate filed his Report and Recommendation ("Report") on December 12, 2007, recommending that this Court deny both parties' motions for summary judgment and remand the case to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g). Defendant timely filed objections to the Report on December 18, 2007, obligating the Court to undertake a *de novo* review of those portions of the Report to which objections were made. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). After a thorough examination of Defendant's objections, the supporting memoranda, the applicable law, and the documented record, I hereby adopt the Report of the Magistrate Judge and remand this case to the Commissioner for further proceedings consistent with the Report.

# I. BACKGROUND

The plaintiff, Loretta Davis ("Davis"), protectively filed an application for disability insurance benefits on May 13, 2005, pursuant to the Social Security Act, 42 U.S.C. § 401 *et seq.*, for an alleged disability that began on May 12, 2005. The application was denied initially on September 26, 2005, and upon reconsideration on November 22, 2005. Thereafter, Davis requested a hearing before an administrative law judge ("ALJ"), which was held on September 6, 2006.

The ALJ determined in his decision dated September 26, 2006, that Davis had not engaged in substantial gainful activity during the relevant time period (R. 15), and that she had a severe impairment from the overuse of her hands and wrists (*id.*), but that her impairment did not meet or equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. 15.). The ALJ found Davis to be not entirely credible regarding the intensity, persistence and limiting effects of her impairment, however, because of the lack of objective medical evidence to support her claim. (R. 17, 18.) In particular, the ALJ found that Davis is not limited to using her hands for only one minute at a time as she had claimed. (R. 18.) The ALJ concluded therefore that Davis is unable to perform past relevant work as a hand packager, factory laborer, cashier, cook, laundry worker, or deli worker, but that she was capable of performing light work as an order clerk, information clerk, or security guard.[1] As a result, the ALJ ruled that Davis was not disabled as defined by the Social Security Act from May 12, 2005, through the date of the decision. (R. 21.)

Davis timely appealed the ALJ's decision to the Appeals Council and submitted additional evidence to support her claim for disability because of the limited use of her hands. (R. 9, 184–204).

---

[1]Light work involves lifting no more than twenty pounds at a time occasionally and ten pounds frequently, and the ability to sit, stand, or walk six hours a day. 20 C.F.R. § 404.1567(b). If a person is able to perform light work, then he or she can also perform sedentary work, unless medically unable to sit for long periods of time. *Id.*

2

This evidence included medical reports from her treating physician that contained a clinical diagnosis for carpel tunnel syndrome and a subsequent nerve conduction study that confirmed the diagnosis. (R. 184–204.) The Appeals Council considered this evidence and determined that it did not provide a basis for changing the ALJ's decision. (R. 5–6.) Thus, the Appeals Council denied her request for review and adopted the ALJ's decision as the final decision of the Commissioner. (R. 5.) Davis timely filed the instant action on March 22, 2007, to obtain judicial review.

The parties filed cross-motions for summary judgment, and the Magistrate Judge recommended, in his Report dated December 12, 2007, that this case be remanded to the ALJ, pursuant to 42 U.S.C. § 405(g), for further proceedings because the ALJ's decision is not supported by substantial evidence. Specifically, the Magistrate found that the additional medical evidence calls into question the ALJ's decision that Davis is not impaired and that the vocational expert's testimony conflicts with the Dictionary of Occupational Titles ("DOT") because the jobs identified by the vocational expert do not exist. Defendant has timely objected to the Report and argues that the additional evidence does not create a conflict, contradict, or call into doubt the ALJ's decision and that the vocational expert's testimony was not in conflict with the DOT.

## II. STANDARD OF REVIEW

This Court must uphold the Commissioner's factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and consists of "more than a mere scintilla of

3

evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. Any conflicts in the evidence are to be resolved by the Commissioner (or his designate, the ALJ), not the courts, and it is immaterial whether the evidence will permit a conclusion inconsistent with that of the ALJ. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). The Court may not re-weigh conflicting evidence, make credibility determinations, or substitute its judgement for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Instead, the Court may consider only whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Craig*, 76 F.3d at 589.

## III. DISCUSSION

### A. The Supplemental Evidence Conflicts with the ALJ's Decision

The Appeals Council is required to consider evidence submitted to it during its review of the ALJ's decision if the additional evidence is (1) new, (2) material, and (3) relates to the period on or before the ALJ made his decision.[2] 20 C.F.R. § 404.970(b). Evidence is new if it is not duplicative

---

[2]If the ALJ denies a claim for disability, the claimant may seek review of the decision by the Appeals Council. The Appeals Council may review the case for any reason, but is required by regulation to review the case when (1) the ALJ appears to have abused his or her discretion; (2) there is an error of law; (3) the ALJ's decision is not supported by substantial evidence; (4) there is a broad policy or procedural issue that affects the general public interest; or (5) the Appeals Council receives new and material evidence and the ALJ's decision is contrary to the weight of all the evidence now in the record. 20 C.F.R. § 404.970.

4

or cumulative.[3] *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). Evidence is material "if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* If the evidence satisfies these three requirements, the Appeals Council must evaluate the entire record—including the new and additional evidence—and grant review if the ALJ's decision is contrary to the weight of all the evidence in the record. 20 C.F.R. § 404.970(b).

If the Appeals Council does not grant review, the decision of the ALJ becomes the final decision of the Commissioner. *See* 20 C.F.R. § 404.955. The Appeals Council is not obligated to provide a reason if it refuses to grant review. *Freeman v. Halter*, 15 Fed. Appx. 87, 89 (4th Cir. 2001) ("[T]he regulation addressing additional evidence does not direct that the Appeals Council announce detailed reasons for finding that the evidence did not warrant a change in the ALJ's decision."). The Court will consider the record as a whole, including the new evidence, to determine if the decision of the ALJ is supported by substantial evidence. *Wilkins*, 953 F.2d at 96. The Court will uphold the ALJ's decision if it is supported by substantial evidence, *Craig v. Chater*, 76 F.3d at 589, but if additional evidence has been submitted that creates a conflict, is contradictory, or calls into doubt a decision based on the prior medical records and the Appeals Council has not explained its reason to deny review, the case must be remanded to the Commissioner to weigh and resolve the conflicting evidence, *Bowles v. Barnhardt*, 392 F. Supp. 2d 738, 742 (W.D. Va. 2005); *Bryant v. Barnhardt*, No. 6:04cv00017, 2005 WL 1804423, *5 (W.D. Va. Jan. 21, 2005).[4]

---

[3]The evidence is considered "new" independent of its date of origin so long as it is not cumulative or duplicative. The evidence may have been in existence prior to the date of the ALJ's decision or it may be obtained after the decision is issued; the only requirement is that the evidence relates to the claimant's alleged impairment on or before the date of the ALJ's decision. *See Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987); *see also Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 2000).

[4]The Court does not make credibility determinations or resolve conflicts in the evidence when determining if the ALJ's decision is supported by substantial evidence. *Craig*, 76 F.3d at

5

Here, the additional evidence presented to the Appeals Council conflicts with the medical evidence considered by the ALJ and, therefore, calls into question his decision based on the prior medical records. The ALJ found Davis to be not entirely credible with regard to the intensity, persistence, and limiting effects of her claimed hand and wrist impairment in large part because there was little objective medical evidence in the record to support her claim. Davis apparently had not sought medical attention for her disability as the only medical opinion in the record with respect to her functional limitations came from the state agency medical personnel that reviewed her medical records.[5] (R. 18, 141–47.) The supplemental evidence established, however, that Davis has a bilateral upper extremity median neuropathy (*i.e.*, carpel tunnel syndrome) and this diagnosis could reasonably affect the ALJ's decision.[6] This diagnosis and the evidence of her carpel tunnel syndrome could, at minimum, affect the ALJ's finding that Davis is not credible as to her limitations and pain and, at most, affect her functional capacity and the jobs that Davis may be able to perform in the national economy. Accordingly, this case will be remanded to the Commissioner pursuant

---

589. Thus, if the additional evidence conflicts or contradicts the decision of the ALJ, the Court is forced to remand the matter to the Commissioner to weigh and resolve the conflicting evidence. *Bryant*, 2005 WL 1804423, at *5.

[5]The record contains numerous complaints by Davis of the pain in her hands, but there was no objective medical evaluation of her ailment or any limitations it caused before the physical residual functional capacity assessment was performed.

[6]The ALJ could determine that the diagnosis of carpel tunnel syndrome has no effect on Davis's ability to work or he could determine that he underestimated the functional limitations caused by her wrists and hands. He could also determine that Davis is not as functionally limited as he assumed if she were to wear her wrist brace and undergo proper treatment for carpel tunnel syndrome. The diagnosis of carpel tunnel syndrome and the accompanying objective medical evidence will allow the ALJ to make a more informed decision as to Davis's limitations and her functional capacity, which will, in turn, affect the jobs that she may be able to perform in the national economy. This Court is unable to make this evaluation, however, because that job falls to the ALJ alone. *Craig*, 76 F.3d at 589 (noting that the district court does not resolve conflicts in the evidence or make credibility determinations, but instead reviews the record only to determine if the ALJ's decision is supported by substantial evidence).

to Sentence Four of 42 U.S.C. § 405(g) to determine if Davis is disabled now that there is objective medical evidence to support her claim.

### B. The Testimony of the Vocational Expert Conflicts with the DOT

In addition, the testimony of the vocational expert conflicts with the DOT and, therefore, a remand is required so that the ALJ can explain or resolve the conflict. The ALJ applies a five step analysis to determine if a claimant is disabled and is entitled to disability benefits. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof until step five of the analysis at which point the burden shifts to the Commissioner to show that the claimant can perform work that exists in the national economy considering her residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1512(g), 404.1520(g), 404.1560(c); *see also Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The ALJ called a vocational expert at the hearing held on September 6, 2006, to determine what, if any, jobs exist in the national economy for a person with light exertional functional capacity and that do not involve repetitive work of the hands. The vocational expert advised that a person with those capabilities could work as a light, unskilled security guard; a light, unskilled order clerk; or a light, unskilled information clerk. The ALJ relied on this testimony in finding that Davis is not disabled because there are jobs available in the national economy that she can perform despite her impairment.[7]

The jobs identified by the vocational expert either do not exist or appear to conflict with the exertional requirements set forth in the DOT, however, and a remand is required for the ALJ to

---

[7]The ALJ did not have an actual understanding of the extent of Davis's impairment because of the lack of objective medical evidence. Thus, the ALJ could decide that Davis is unable to perform these jobs now that there is objective medical evidence to better establish the extent of her functional limitations.

7

investigate and provide a reasonable explanation for the conflict before he may rely on the vocational expert's testimony. *English v. Shalala*, 10 F.3d 1080, 1084–85 (4th Cir. 1993) (requiring remand to ALJ when ALJ relies upon testimony that is incorrect or outdated because the ALJ's decision is not supported by substantial evidence). First, the DOT does not list any unskilled order clerks; instead, the order clerk jobs listed are all either semi-skilled or skilled. Second, the majority of the security guard and information clerk jobs listed in the DOT are semi-skilled, not unskilled. Third, the few security guard and information clerk jobs listed in the DOT that are unskilled require frequent handling and/or fingering, which does not comply with the ALJ's request to exclude jobs that require repetitive work with hands.[8] The ALJ did not identify or explain these conflicts between the vocational expert's testimony and the DOT despite being required to do so by Social Security Ruling 00-4p.[9] Therefore, the ALJ was not justified in relying upon the vocational expert's testimony to support a determination of nondisability. *English*, 10 F.3d at 1085. Accordingly, the ALJ's decision that Davis is not disabled because she can perform work that exists in the national economy is not supported by substantial evidence and this case must be remanded to the ALJ to explain the inconsistency in the vocational expert's testimony before he may rely upon it. *Id.*; Soc. Sec. Ruling 00-4p.

## IV. CONCLUSION

After a thorough examination of Defendant's objections, the applicable law, the documented

---

[8]Handling is defined as "seizing, holding, grasping, turning or otherwise working primarily with the hold hand or hands." Soc. Sec. Ruling 85-15. Fingering is defined as "picking, pinching, or otherwise working primarily with the fingers." *Id.*

[9]Social Security Ruling 00-4p provides that "[w]hen there is an apparent unresolved conflict between [vocational] evidence and the DOT, the adjudicator must elicit a reasonable response for the conflict before relying on the [vocational] evidence to support a determination or decision about whether the claimant is disabled." Soc. Sec. Ruling 00-4p.

8

record, and the Magistrate's Report, the Court overrules all objections and finds that the Commissioner's decision that Plaintiff is not disabled is not supported by substantial evidence in the record. Accordingly, I will ADOPT the Report and Recommendation of the United States Magistrate Judge filed December 12, 2007, DENY Defendant's motion for summary judgment [docket #14], GRANT Plaintiff's motion for summary judgment [docket #10] to the extent that the Commissioner's decision is not supported by substantial evidence, but denying the motion to the extent that it seeks reversal with entry of judgment in her favor, and REMAND this case to the Commissioner for further proceedings consistent with the Report.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

Entered this ____ day of July, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE